RONALD GOLD – SBN 52416
LAW OFFICES OF RONALD GOLD
20058 Ventura Boulevard, Suite 59
Woodland Hills, CA 91364
Telephone: (818) 610-8335
E-mail: rongoldlaw@gmail.com

BERNARD R. SCHWAM - SBN 67452
LAW OFFICES OF BERNARD R. SCHWAM
16133 Ventura Boulevard, Penthouse
Encino, CA 91436
Telephone: (818) 986-3775
E-mail: bschwam@sbcglobal.net

Attorneys for Plaintiff Audry Henry

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDRY HENRY, individually, and as surviving parent of MARYLAND ANDERSON,<br><br>        Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, a Municipal Corporation; LOS ANGELES POLICE DEPARTMENT, and Does 1 through 20,<br><br>        Defendant. | CASE NO.: CV13-03151 JAK (MRWx)<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1. Violation of Civil Rights (42 U.S.C. §1983);<br>2. Wrongful Death;<br>3. Assault and Battery; and<br>4. Negligence.<br><br>**JURY TRIAL DEMANDED** |

Plaintiff AUDRY HENRY, Individually and as Surviving Parent of Marland Anderson ("Plaintiff") hereby alleges the following:

## JURISDICTION AND VENUE

1. This action was removed to Federal Court by Notice of Removal filed by the Defendants on or about May 2, 2013. This action meets the original jurisdiction requirements of 28 U.S.C. §1441(a). The gravamen of this action is a Federal Civil Rights Claim under 42 U.S.C. §1983 and, therefore, jurisdiction is conferred upon this

court by 28 U.S.C. §§1331 and 1343. The unlawful acts and practices occurred in the County of Los Angeles, State of California, which is within this judicial district.

## VENUE LIES IN THE CENTRAL DISTRICT OF CALIFORNIA

2. Pursuant to U.S.C. §1391(b), venue is proper in the Central District because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this district.

## PARTIES

3. At all times mentioned, Plaintiff AUDRY HENRY ("HENRY"), Individually and as Surviving Parent of Marland Anderson, was and is a citizen of the United States. HENRY is the surviving mother of Marland Anderson.

4. At all times mentioned herein, Defendant CITY OF LOS ANGELES ("CITY") was and is a political subdivision of the State of California created and existing under and by virtue of the laws of the State of California. Defendant CITY is a public entity and is a person subject to suit within the meaning of 42 U.S.C. §1983, 42 U.S.C. §1988 and under California Government Code §815.2(a).

5. At all times mentioned herein, Defendant LOS ANGELES POLICE DEPARTMENT ("LAPD") was and now is a division of Defendant CITY.

6. Plaintiff having now discovered the true name of Defendant Doe No. 1 to be TIM WOLLECK now amends this Complaint by substituting the true name of TIM WOLLECK ("WOLLECK") for the fictitious name wherever it appears in the Complaint. Plaintiff is informed and believes and thereon alleges that Defendant WOLLECK was and is an LAPD officer duly employed by the CITY and the LAPD. Plaintiff is further informed and believes and thereon alleges that at all times mentioned herein, Defendant WOLLECK was and is acting in the course and scope of his employment with the CITY and with the implied and actual permission and consent of Defendant CITY and the LAPD.

7. Plaintiff having now discovered the true name of Defendant Doe No. 2 to be PEDRO ZAMORA now amends this Complaint by substituting the true name of PEDRO

ZAMORA ("ZAMORA") for the fictitious name wherever it appears in the Complaint. Plaintiff is informed and believes and thereon alleges that Defendant ZAMORA was and is an LAPD officer duly employed by the CITY and the LAPD. Plaintiff is further informed and believes and thereon alleges that at all times mentioned herein, Defendant ZAMORA was and is acting in the course and scope of his employment with the CITY and with the implied and actual permission and consent of Defendant CITY and the LAPD.

8. Plaintiff having now discovered the true name of Defendant Doe No. 3 to be GERALD WARD now amends this Complaint by substituting the true name of GERALD WARD ("WARD") for the fictitious name wherever it appears in the Complaint. Plaintiff is informed and believes and thereon alleges that Defendant WARD was and is an LAPD officer duly employed by the CITY and the LAPD. Plaintiff is further informed and believes and thereon alleges that at all times mentioned herein, Defendant WARD was and is acting in the course and scope of his employment with the CITY and with the implied and actual permission and consent of Defendant CITY and the LAPD.

9. Plaintiff having now discovered the true name of Defendant Doe No. 4 to be BRETT COHEN now amends this Complaint by substituting the true name of BRETT COHEN ("COHEN") for the fictitious name wherever it appears in the Complaint. Plaintiff is informed and believes and thereon alleges that Defendant COHEN was and is an LAPD officer duly employed by the CITY and the LAPD. Plaintiff is further informed and believes and thereon alleges that at all times mentioned herein, Defendant COHEN was and is acting in the course and scope of his employment with the CITY and with the implied and actual permission and consent of Defendant CITY and the LAPD.

10. At all times mentioned herein, Defendants WOLLECK, ZAMORA, WARD and COHEN, and Does 5 through 20, inclusive, were and now are duly appointed and acting Police Officers in the employ of the County and/or City of Los Angeles. In doing the acts hereafter described, Defendants, and each of them, were acting in their capacities

as police officers and employees of Defendant CITY and in doing the acts hereinafter described, acted within the course and scope of their employment.

11. At all times mentioned herein, Defendants Does 5 through 20 were duly appointed and acting Los Angeles Police Officers in the employ of the CITY charged with the responsibility of training and supervising Defendant CITY and Defendants WOLLECK, ZAMORA, WARD and COHEN and Does 6 through 10 and in doing the acts herein described Does 6 through 10 were acting with the implied and actual permission and consent of Defendant CITY, and Defendants Does 11 through 20 inclusive and each of them.

12. In doing the acts hereinafter described, Defendants WOLLECK, ZAMORA, WARD and COHEN, and Does 5 through 20, inclusive, and each of them acted within the course and scope of their employment.

13. Except for the identity of Does 1 through 4 as set forth in Paragraphs 6 through 11 of this Complaint, the true names and capacities of Does 5 through 20, inclusive are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names, and when the true names and capacities of said Defendants are ascertainable, Plaintiff will amend the Complaint accordingly.

14. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as a Doe is responsible in some manner for the events and happenings herein referred to, and caused injuries and damages proximately thereto to Plaintiff as herein alleged.

## PRELIMINARY ALLEGATIONS

15. On or about April 24, 2012, Plaintiff caused to be presented to Defendant CITY a claim for damages sustained as a result of the incident herein set forth. A copy of the Claim was received and acknowledged by the CITY and stamped received by the City Clerk on April 24, 2012. A copy of that Claim is attached and incorporated herein by reference as Exhibit A.

16. The claim has been rejected by operation of law by Defendant CITY.

17. All of the events and happenings set forth in this Complaint occurred in the City of Los Angeles, County of Los Angeles, State of California.

18. At all times herein mentioned, each and every Defendant had the legal duty to oversee and supervise the hiring, conduct, employment, and discipline of each and every other Defendant herein.

19. Plaintiff was the mother and survivor of decedent, Marland Anderson ("Decedent"), an African American male who at all times herein resided in the City and County of Los Angeles.

20. Decedent died as a result of the wrongful act, excessive force in using instruments, neck restraint or chokehold, and or negligence of Defendants WOLLECK, ZAMORA, WARD and COHEN, and Does 5 through 20 on or about April 9, 2012.

21. Decedent was a well established movie actor with a career of more than 19 years who provided the necessities of life to his mother.

22. On or about April 9, 2012 at approximately 3:00 to 4:00 a.m., paramedics were called to Decedent's residence located on Desoto Avenue because Decedent was suffering a medical emergency. The arriving paramedics called for assistant from LAPD. LAPD officers including, but not limited to Defendants WOLLECK, ZAMORA, WARD and COHEN arrived and in the process of assisting Decedent and transporting him to the hospital, used excessive force on Decedent in spite of being on notice of his infirm condition. The LAPD officers repeatedly used an electronic device to shock and tase Decedent and applied a chokehold on Decedent until he was rendered comatose and subsequently died.

23. By reason of the aforementioned wrongful acts of Defendants, and each of them, Plaintiff's son incurred substantial physical injuries, medical expenses and suffered death, thereby destroying Plaintiff's relationship with her son, and related society, comfort, protection and support.

///
///

13
FIRST AMENDED COMPLAINT

# FIRST CAUSE OF ACTION

## VIOLATION OF CIVIL RIGHTS (42 U.S.C. §1983)

### (Against all Defendants and Defendant Does 5 to 20)

24. Plaintiff incorporates by reference herein Paragraphs 1 through 23 of this Complaint.

25. Each and all of the acts of Defendant LAPD and its officers including, but not limited to, Defendants WOLLECK, ZAMORA, WARD and COHEN, Defendant CITY and Does 5 through 20, Inclusive, as set forth herein, were done by these Defendants under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of California, County of Los Angeles, and by virtue of and under the authority of their positions as Police Officers of the County of Los Angeles, City of Los Angeles, and State of California.

26. This action arises under the United States Constitution, particularly under the provisions of the Fourteenth Amendment to the Constitution, and under the laws of the United States, particularly under Title 42 of the U.S. Code §§1983 and 1988.

27. Plaintiff is a United States citizen of African American heritage.

28. As a direct and proximate result of Defendants' conduct complained of herein, Decedent suffered severe excruciating pain, mental distress, agony, anguish, fear of his life and ultimately his death.

29. Because of Defendants' conduct complained of herein, Decedent was subjected to deprivation by Defendants and Does 5 through 20, under color of law and statutes, ordinances, regulations, customs and usages of the County of Los Angeles and State of California, of rights, privileges and immunities secured to them by the Constitution and laws of the United States and particularly (a) His right to be free in his person against unreasonable seizure; (b) His right to be free from infliction of cruel and unusual punishment; and (c) His right not to be deprived of life, liberty and property without due process of law, all to his damages, in a sum according to proof.

14

FIRST AMENDED COMPLAINT

30. Defendants WOLLECK, ZAMORA, WARD, COHEN, CITY, LAPD and Does 5 through 20, acted willfully, maliciously, intentionally, oppressively and in reckless disregard of the possible consequences of their conduct and accordingly, Plaintiff is entitled to and hereby demands punitive and exemplary damages for sake of making an example of and by way of punishing Defendants in a sum within the jurisdiction of the Court.

31. By virtue of the provisions of 42 U.S.C. §1988, Plaintiff is entitled to and demands an award of reasonable attorneys' fees according to proof.

## SECOND CAUSE OF ACTION

## WRONGFUL DEATH

(Against all Defendants and Defendant Does 5 to 20)

32. Plaintiff incorporates by reference herein Paragraphs 1 through 31 of this Complaint.

33. Plaintiff is the surviving heir of and successor in interest to the Decedent, Marland Anderson, and does hereby bring any and all Wrongful Death causes of action pursuant to California Code of Civil Procedure, §377.60 and California Probate Code §6402(b).

34. The wrongful conduct of Defendants complained of herein caused the death of Plaintiff's son.

35. As a result of the death of her son, Plaintiff was deprived of the love, companionship, comfort, affection, support, and society of her decedent son.

36. Plaintiff is entitled to recover economic and non-economic damages against Defendants for the wrongful death proximately caused by Defendants' wrongful conduct as described herein.

///

///

///

## THIRD CAUSE OF ACTION
## ASSAULT AND BATTERY
**(Against all Defendants and Defendant Does 5 to 20)**

37. Plaintiff incorporates by reference herein Paragraphs 1 through 36 of this Complaint.

38. Defendants WOLLECK, ZAMORA, WARD, COHEN, CITY, LAPD and Does 5 through 20, inclusive, caused Plaintiff's son to be assaulted and injured.

39. By reason of the aforementioned acts of said Defendants and Does 5 to 20, Plaintiff's son was placed in great fear for his life and physical well being.

40. All of the aforementioned acts of Defendants and Does 5 to 20 were done and committed and caused by Defendants with malice and ill will and with the intent and design of injuring and oppressing Plaintiff's son and for that reason, Plaintiff is entitled to and asks for exemplary and punitive damages against Defendants and Does 5 to 20.

## FOURTH CAUSE OF ACTION
## NEGLIGENCE
**(Against All Defendants and Defendant Does 5 to 20)**

41. Plaintiff incorporates by reference herein Paragraphs 1 through 40 of this Complaint.

42. Because of the negligence of Defendants, and each of them, as described herein, and the fright thereby caused to Plaintiff's son, as herein alleged, Plaintiff's son, Marland Anderson, sustained injuries to his body and nervous system, including mental and physical injury, pain and suffering and death, all to his general damage in a sum not fully ascertained but within the jurisdiction of the Superior Court and expenses according to proof; loss of earning and loss of property, according to proof.

WHEREFORE, Plaintiff prays that the Court grant the following relief:

On the First Cause of Action:

1. General damages for violation of civil rights pursuant to 42 U.S.C. §1983 in an amount according to proof;

2.    For attorneys' fees pursuant to 42 U.S.C. §1988 in an amount according to proof;

On the Second Cause of Action:

3.    General damages for wrongful death in a sum according to proof;

4.    Special damages for out-of-pocket expenses in a sum according to proof;

On the Third Cause of Action:

5.    General damages for assault and battery in a sum according to proof;

6.    Exemplary and punitive damages in a sum according to proof;

On the Fourth Cause of Action:

7.    General damages for negligence in a sum according to proof;

8.    Special damages including loss of earnings and loss of future earnings, and medical expenses in a sum according to proof;

On All Causes of Action:

9.    For costs of suits incurred;

10.    For such action and future relief as the court in its discretion deems just and proper.

DATED: February 27, 2014        LAW OFFICES OF RON GOLD
                                       LAW OFFICES OF BERNARD R. SCHWAM

                                       By:_____/s/_____
                                           BERNARD R. SCHWAM
                                           Attorneys for Plaintiff
                                           Audrey Henry

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY IN THE ABOVE ENTITLED ACTION**

DATED: February 27, 2014

LAW OFFICES OF RON GOLD
LAW OFFICES OF BERNARD R. SCHWAM

By: _____/s/_____
BERNARD R. SCHWAM
Attorneys for Plaintiff
Audrey Henry